**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 6, 2011

No. 10-20300
Summary Calendar

Lyle W. Cayce
Clerk

IVIS W. JOHNSON,

Plaintiff-Appellant

v.

CITY OF HOUSTON-FIRE DEPARTMENT,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-4516

Before DeMOSS, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ivis W. Johnson, acting pro se, appeals the magistrate judge's judgment granting the defendant's motion for summary judgment and dismissing Johnson's claims of racial discrimination and retaliation in violation of Title VII of the Civil Rights Act. Johnson argues that the magistrate judge erred in determining that he failed to show the reasons articulated by the defendant for his suspension from employment were pretextual. He contends that his actions which led to his suspension were performed in good faith.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20300

We review a grant of summary judgment de novo. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). After a plaintiff has established a prima facie case of discrimination, a defendant-employer is required to provide a legitimate, nondisrciminatory reason for the employment decision of which the plaintiff has complained. *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 222 (5th Cir. 2000). If the employer articulates such a reason, the plaintiff must offer evidence to create a genuine issue of material fact as to whether the nondiscriminatory reason is a pretext. *Burrell v. Dr. Pepper / Seven Up Bottling Group, Inc.* 482 F.3d 408, 412 (5th Cir. 2007). Likewise, if a defendant articulates legitimate, nonretaliatory reasons for the challenged employment action, the plaintiff must rebut the reasons. *McCoy v. City of Shreveport*, 492 F.3d 551, 557 (5th Cir. 2007).

Johnson does not deny that he performed the actions which led to his suspension. He argues only that these actions were reasonable and performed in good faith. This argument does not provide evidence that the reasons for Johnson's suspension were pretextual. Rather, Johnson's argument amounts to nothing more than a disagreement over the severity of his actions. Johnson fails to show that the reasons articulated by the defendant were false or unworthy of credence. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147 (2000). He offered no evidence to rebut the defendant's nonretaliatory reasons. *See McCoy*, 492 F.3d at 557. Because there was not a genuine issue of material fact as to whether the reasons set forth by the defendant were pretextual, *see Burrell*, 482 F.3d at 412, the magistrate judge did not err in granting the defendant's motion for summary judgment. *See* FED. R. CIV. P. 56(a).

Accordingly, the judgment of the magistrate judge is AFFIRMED.